UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT THOMAS GURDA,

     Petitioner,

v.                                    Case Number: 08-CV-14759
                                      Honorable George Caram Steeh

THOMAS K. BELL,

     Respondent,
_____/

## OPINION AND ORDER
## SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND
## APPLICATION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Robert Thomas Gurda, a Michigan state prisoner presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his sentence for first-degree home invasion, MICH. COMP. LAWS § 750.110a(2). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED**.

### I. Background

On May 31, 2005, Petitioner pleaded guilty to the above-stated charge in the Gogebic County, Michigan, Circuit Court, the Honorable Roy D. Gotham presiding. To provide a factual basis for his plea, Petitioner stated as follows: On February 21, 2005, Petitioner said that he bought himself a bottle of whiskey and, subsequently, he simply walked into Ms. Bertha Thompson's house. Ms. Thompson, who was eighty-two-years old, was home at the time. Petitioner did not know Ms. Thompson. Petitioner said that before he exited Ms. Thompson's house, they had words. According to Petitioner, after he left Ms. Thompson's house, he went to

the Midway Bar, where he was eventually arrested.

Petitioner pleaded guilty to the charge of first-degree home invasion in exchange for the prosecutor's agreement to recommend a sentence within the Guidelines and to drop a fourth-degree-habitual-offender charge. Sentencing in this case was held on July 14, 2005.

The Sentencing Information Report (SIR), as scored by the probation agent, scored fifteen points for Offense Variable 10 (applies where exploitation of a vulnerable victim occurred during the commission of the offense, MICH. COMP. LAWS § 777.40(1)), and ten points for Offense Variable 13. At the hearing, the sentencing judge indicated that he was also scoring points for psychological harm to the victim. The Guidelines recommended a minimum sentence range of eighty-seven-to-one-hundred-forty-five months. The sentencing judge indicated that he wanted to impose a fifteen-year minimum sentence because of the victim's age, an eighty-two-year-old woman, and, because Petitioner had thirteen prior felonies. However, the sentencing judge decided not to exceed the Guidelines range because of the prosecutor's plea agreement. The sentencing judge subsequently sentenced Petitioner to one-hundred-forty-five-months-to-twenty-years imprisonment.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Gurda*, No. 283690 (Mich.App. Mar. 19, 2008); *People v. Gurda*, ___ Mich. ___; 755 N.W.2d 631 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> I. Petitioner is entitled to resentencing where he was sentenced on the basis of inaccurate information where OV10 was misscored and where counsel was ineffective for failing to object.

## II. Discussion

The instant habeas petition is subject to summary dismissal because the petition on its

face fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Here, Petitioner contends that the trial court incorrectly scored Offense Variable 10 of the Michigan Sentencing Guidelines. Petitioner claims that his sentencing-guidelines range would have been seventy-eight-to-one-hundred-forty-months had the trial court not assessed points against him for that offense variable.

The Court finds that Petitioner's sentence for first-degree home invasion was within the statutory limits for that offense under Michigan law. *See* MICH. COMP. LAWS § 750.110a(2). Claims which arise out of a trial court's sentencing decision are not normally cognizable on federal-habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F.Supp.2d 741, 745 (E.D. Mich. 2001). And, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999). Moreover, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213

F.3d 298, 302 (6th Cir.2000).

Therefore, Petitioner's claim that the state-trial court incorrectly scored his sentencing-guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal-habeas review, because it is essentially a state-law claim. *See McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F.Supp.2d 802, 823 (E.D. Mich. 2001); *Cook*, 56 F.Supp.2d at 797. Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson*, 337 F.Supp.2d 969, 977 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone does not merit habeas relief. *Id.*

Additionally, to any extent that Petitioner attempts to couch this issue as a constitutional claim by relying on *Blakely v Washington*, 542 U.S. 296 (2004), Petitioner cannot do so because *Blakely* is distinguishable and does not apply. In *Blakely*, the United States Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely*, 542 U.S. 296, 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

*Blakely* involved a trial court's departure from the State of Washington's determinate-sentencing scheme. Michigan, by contrast, has an indeterminate-sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006); *People v. Claypool*, 470 Mich. 715, 730, n. 14, 684

N.W.2d 278 (2004) (both citing MICH. COMP. LAWS § 769.8). Rather, "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan*, 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (2003) (citing MICH. COMP. LAWS § 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730, n. 14. Michigan's indeterminate-sentencing scheme is unaffected by the holding in *Blakely*. *Drohan*, 475 Mich. at 164. Therefore, Petitioner is not entitled to habeas relief on his sentencing claim.

Also couched in his sentencing claim is Petitioner's claim that his trial counsel was ineffective for failing to object to the scoring of his Offense Variable 10. The Court finds that Petitioner's ineffective assistance of counsel claim lacks merit.

To "establish ineffective assistance of counsel, a petitioner must show that: (1) counsel's errors were so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . .to address both components of the inquiry [i.e., deficient performance and prejudice] if the defendant makes an insufficient showing on one." *Id.*

Petitioner's contention that trial counsel failed to challenge the alleged misscored offense variable imposed by the sentencing judge is without merit. For the reasons set forth above, the Court finds that the sentence imposed was within the statutory limits of the crime with which

Petitioner was charged and convicted. Petitioner's contention, that his counsel was ineffective for failing to object, lacks merit.

Petitioner has therefore failed to demonstrate how the state court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Against that backdrop, the Court finds that Petitioner is not entitled to habeas relief.

### III. Conclusion

For the above-stated reasons, the Court will **SUMMARILY DISMISS** Petitioner's petition for writ of habeas corpus. The Court also declines to issue a certificate of appealability.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte*. *See Dell v. Straub*, 194 F.Supp.2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of

appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell*, 194 F.Supp.2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F.2d 87, 91 (2nd Cir. 1979). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell*, 194 F.Supp.2d at 659.

## IV. Order

For the above-stated reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability to Petitioner and also declines Petitioner leave to proceed on appeal *in forma pauperis*.

Dated: November 20, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 20, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk